By the Court.—Sedgwick, J.
The plaintiff, upon his conveyance to Sergeant, had only such rights as arose from Sergeant’s promise to pay the mortgage, with the rights of a surety, that enabled him to require that the mortgaged property should be first applied to the payment of the mortgage debt. The clause by which Sergeant assumed the payment of the mortgage, stated that the amount of the debt had been deducted from the consideration money. It is manifest that there remained no equitable lien for this part of the consideration, either upon the premises conveyed or, even upon the part of them mortgaged; for such a lien, if it could have otherwise existed, could not remain, upon its appearing that the assumption of the mortgage was to be the part consideration, in lieu of money. The rights of the plaintiff did not affect Sergeant’s power of disposition of the whole of the equity of redemption of the mortgaged part, and the fee of the other part. Sergeant had no. obligation, excepting his agreement to pay the mortgage.
The only additional right claimed by the plaintiff is such as arises from the provision in the declaration of trust made by the defendant, upon the conveyance by Sergeant of certain property, including the particular premises—that the property is held in trust1 ‘ to sell the same for the benefit of the creditors, and out of the net proceeds of said sales and rents, and of other profits and receipts from the said premises, after deducting payments for interest, taxes, insurance and repairs: First, if the wife of the said William Sergeant shall join the conveyance of the lands so sold, but not otherwise, to pay her such sums as shall be agreed upon between her and the said Ernesto Gr. Fabbri, as compensation for her right of dower. Second, to pay such liens and incumbrances upon the premises as are not assumed by the buyers thereof,” &c., &c.
The plaintiff argues that the land in question has *372 been sold in the foreclosure of the mortgage, and the buyer has not assumed the payment of the mortgage, therefore, his case is described by the second subdivision, and the trustee must pay it. It seems that this subdivision must mean, that the payment of the liens must be out of the net proceeds of the land on which the liens were, and not out of tíre net proceeds of other lands sold. The trustee has not sold the lands upon which the plaintiff had the lien. He has not, nor has he had net proceeds upon a sale made by him, as provided for by the declaration.
Again, the subdivision must mean a payment of liens out of proceeds of a sale made by the trustee under the trust, when it would be a possible thing for a buyer to assume an incumbrance. The argument implies that the clause was to be operative only after some sale of the particular land had taken place, otherwise, the obligation of the trustee were to pay, as soon after the making of the declaration as there were net proceeds of the sales of any lands, whether the mortgaged lands were or were not sold. I think it is evident that a sale was referred to, in which an assumption might be agreed for, rather than one made in a proceeding which merged or canceled the mortgage so far as the buyer was concerned. To make the agreement, without dispute, explicit on this point would not call for the supplying of words, that are now understood, to any greater extent than is usual in the ordinary methods of conveying ideas. Very few sentences, made according to usage, do not refer to words understood, and there is no obscurity or vagueness, if the custom in that regard is observed. If a particular thing is once mentioned, succeeding" statements, which ,in their nature may be applied to those particular 'things, are, by the known customs of. speech, considered as meant to be applied to them. The two are *373 meant to be in. the mind atone time, and to be thought of together.
■ The trust is to make sales of the premises, and out of the net proceeds of those sales to pay the liens on the premises sold, if the liens are not assumed by the buyers, at such sales. There is no trust to pay any lien, if the land on which the lien is, is not sold by the trustee.
I am of opinion, that the judgment should be for the defendant, and that the plaintiff is only entitled to share pro rosta with the other creditors of William Sergeant, under the thiid clause of the declaration of trust, with costs to the defendant.
Speir and Freedman, JJ., concurred.